## The Board of Supervisors of Kendall County
### v.
## The People ex rel. Commissioners of Highways of Bristol.

1. Roads and bridges—Finding of highway commissioners, when conclusive.—The findings of highway commissioners, as to those matters relating to roads and bridges, which are placed by the statute under their exclusive control and jurisdiction, establish the existence of the facts as they have determined them to be.

2. Same.—The finding of the commissioners, as to the necessity of a bridge, would conclude the county board of supervisors, and the determination that the construction of such bridge would be an unreasonable burden upon the town would probably have the like effect, but upon the question whether a town has raised one half the necessary funds for completing the proposed work, the finding of the commissioners would not preclude the county board of supervisors and the courts from inquiring into the existence of such fact.

3. Practice—What petition for mandamus should allege.—It is essential that a petition for a mandamus against a county board to compel them to furnish aid to build a bridge, should allege that the town had raised one half of the necessary funds. Such allegation can be traversed by denial

Supervisors of Kendall Co v. People ex rel.

in the answer, and if the issue thus made be found for defendant or admitted by demurrer, a mandamus ought to be refused.

4. DENIAL OF LEAVE TO AMEND—PEREMPTORY WRIT.—In this case, the demurrer was sustained to the whole answer and the defendants were denied leave to amend and a peremptory writ awarded. This was error. If the demurrer was sustained to the answer because some issues therein tendered were deemed immaterial, the court is of opinion that respondent should have been permitted to amend the answer in that regard.

APPEAL from the Circuit Court of Kendall county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed February 9, 1883.

The relators filed their petition for a mandamus against the Board of Supervisors of Kendall county to the January term, 1882, of the circuit court, averring that they had, at the September meeting of said board, 1881, presented a petition to the county board in which it was stated that a bridge was needed across Fox river, on the highway leading from York-ville to Bristol, and that the cost thereof would be about $12,-000, that the same would be an unreasonable burden upon the town, etc., and asking for an appropriation of $6,000 to aid the town in building said bridge. That such petition was denied, and at the December meeting, 1881, of said board of supervisors, the relators presented another petition in which it was stated that they had found, upon further examination, that it would cost $20,000 to build such bridge, their former estimate being too low, and such cost would be an unreasonable burden upon the town; that they were then engaged in building such bridge, and asking for a committee to assist them in supervising the same. That an election had been held in said town in due form of law, under Sec. 111 of the Road and Bridge Act of 1879, to borrow money with which to build said bridge, and that they have on hand funds by virtue of said proceedings sufficient to pay one half of the expense of building said bridge, and that the cost of the same would be more than could be raised by taxation in one year, etc.

Relators aver that the facts stated in the last mentioned petition to the county board are true in substance and in fact,

and insist that they are within the provisions of Sec. 110 of the act of 1879, entitling them to county aid in completing such bridge.

The defendant answered denying all the material allegations in the petition, and avers that the pretended election, under which the money was raised by the town, was not held in pursuance of law, and denies that the majority of the electors voted to borrow the money as alleged, and denies that the relators had on hand sufficient funds to pay one half of the expense of building the bridge; and further avers, that the relators had undertaken to build said bridge at the expense of the town, and had let the contract for the completion of it, and the greater portion of the work under the contract had been completed. A demurrer was interposed to this answer and sustained *pro forma* by the court, and overruling a motion by the defendant for leave to amend the answer, the court awarded a peremptory mandamus against the county board, and it brings the record here by appeal.

Mr. A. J. HOPKINS and Mr. N. J. ALDRICH, for appellant; cited The People v. Holden, 82 Ill. 93; Nispel v. Laparle, 74 Ill. 306; The People v. Supervisors, 47 Ill. 256; Arenz v. Weir, 89 Ill. 258.

Upon the argument of a demurrer the court will, notwithstanding the defect of the pleading demurred to, give judgment against the party whose pleading was first defective in substance: Chitty on Pleading, 16th Am. Ed. 701; Puterbaugh Com. Law Practice, 267; Cook v. Graham, 3 Cranch, 229.

Petition for mandamus under present practice stands for the declaration, and all averments must be made with certainty: The People v. Glann, 70 Ill. 232; The People v. Davis, 93 Ill. 133; Stephen on Pleading, 133; High on Extraordinary Legal Remedies, §§ 449, 450; State v. Everett, 52 Mo. 89; The People v. Village of Crotty, 93 Ill. 180.

Appellant had a right to amend its answer: Springfield v. Com'rs, 10 Pickering, 58; Com'rs v. The People, 38 Ill. 350; Drake v. Drake, 83 Ill. 526; Empire Fire Ins. Co. v. Real

Estate Trust Co. 1 Bradwell, 391; State v. School Com'rs, 9 Wis. 200; East St. L. v. Trustees, 6 Bradwell, 138.

A portion of the citizens of a county at an election, confined to them and from which the other citizens are excluded, can not impose a debt upon the county: Madison Co. v. The People, 58 Ill. 463; Marshall v. Silliman, 61 Ill. 224; Livingston Co. v. Weider, 64 Ill. 427; Lovingston v. Wider, 53 Ill. 302; The People v. Canty, 55 Ill. 33; Harward v. St. Clair Drain Co. 51 Ill. 131; The People v. Mayor, 51 Ill. 58.

Mr. EUGENE CANFIELD and Mr. R. P. GOODWIN, for appellee; cited Laws of 1879, p. 281.

As to geographical features, that the court will take judicial notice of: U. S. v. LaVengence, 3 Dall. 297; Peyroux v. Howard, 7 Pet. 342; Trenier v. Steward, 55 Ala. 458; McDonald v. R. R. Company, 34 N. Y. 397; Montgomery v. Plank Road, 31 Ala. 76; Harris v. O'Loughlin, 5 Irish Eq. R. 514; Whyte v. Rose, 4 P. &. D. 199; Deybel's case, 4 B. & A. 242; R. v. Isle of Ely, 15 Q. B. 827; R. v. Maurice, 16 Q. B. 908; Lyell v. Lapeer, 6 McLean, 446; U. S. v. Johnson, 2 Sawyer, 482; Gooding v. Appleton, 22 Me. 453; Ham v. Ham, 39 Me. 363; Keyser v. Coe, 37 Conn. 597; Winnipiseogee Lake Co. v. Young, 40 N. H. 420; State v. Powers, 25 Conn. 48; Com'rs v. Spitler, 13 Ind. 230; Buckinghouse v. Gregg, 19 Ind. 401; Buchanan v. Whitham, 36 Ind. 257; Hinckley v. Beckwith, 23 Wis. 328; Wright v. Hawkins, 28 Tex. 452; Brown v. Elms, 10 Humph. 135; King v. Kent, 29 Ala. 542; The People v. Robinson, 17 Cal. 363; Martin v. Martin, 51 Me. 366; State v. Tootte, 2 Harring, 541; Ind. R. R. Co. v. Case, 15 Ind. 42; Harding v. Strong, 42 Ill. 148; Price v. Page, 24 Mo. 65; Seighert v. Stiles, 39 Wis. 533; Cash v. Clark Co. 7 Ind. 227; Mossman v. Forrest, 27 Ind. 233; Cummings v. Stone, 13 Mich. 70; Tewksberry v. Schulenberg, 41 Wis. 584.

A township or county that neglects its duty in regard to highways may be compelled by the interference of the State and on State account to perform such duty: Cooley on Taxation, 94, 114, 214, 524, 478; Harwich v. Com'rs, 13 Pick. 60;

Hingham & Quincy Co. v. Norfolk Co. 6 Allen, 353; Salem v. Essex Co. 100 Mass. 282; Commonwealth v. Newburyport, 103 Mass. 129; Waterville v. Kennebec Co. 59 Me. 80; Shaw v. Dennis, 5 Gilm. 405; Cambridge v. Lexington, 17 Pick. 222; Att'y Gen. v. Cambridge, 16 Gray, 247.

That section 110 is not unconstitutional: Cooley on Constitutional Limitations, 207, 230, 233, 283; Fox v. Kendall, 97 Ill. 72; Williams v. Town of Roberts, 88 Ill. 11; Sangamon Co. v. Springfield, 63 Ill. 66; The People v. Power, 20 Ill. 187; Harris v. Whiteside Co., Chicago Legal News, p. 93, Nov. 25, 1882; Logan Co. v. Lincoln, 81 Ill. 156.

PILLSBURY, P. J. It is urged in support of the demurrer that all the facts out of which arises the duty on the part of the county board to make the appropriation asked, having been determined by the relators as averred in the petition, the existence of such facts can not be controverted by the county board.

It may be conceded that as to those matters relating to roads and bridges which are by the statute placed under the exclusive control and jurisdiction of the highway commissioners by the statute, their findings may be said to establish the existence of the fact as they have determined it to be.

Whether a bridge is necessary at a given point is a question of this character, as it is made so by the express provisions of the statute, and their determination that the construction of it would be an unreasonable burden upon the town, would, under the decision in Com'rs of Belmont v. Iroquois County, 100 Ill. 640, probably have the like effect to conclude the county board. But we find no warrant either in the statute or the above decision for holding that the relators constitute the only tribunal having jurisdiction to determine the question that the town has raised one half the necessary funds for completing the proposed work, in any such way as to preclude the defendant or the courts from inquiring into the existence of such fact.

The statute makes it the duty of the commissioners of highway to apply to the county board for aid in constructing such bridge when such bridge is necessary, and its cost will

Supervisors of Kendall Co. v. People ex rel.

be more than can be raised in one year by ordinary taxes for bridge purposes, and it would be an unreasonable burden upon the town to bear its entire expense.

These facts authorize the commissioners of highway to apply for the required aid, but the county board is not obliged to grant the prayer of the petition until the town has raised one half of the funds necessary to build the bridge.

We have no doubt the county board has the right to investigate and determine for itself whether the town has thus complied with the requirements of the statute, and if it be found that it has not, the board will be justified in refusing the aid demanded. It is essential that the petition for a mandamus against the board should allege the existence of such fact, and such allegation is a traversable one by a denial in the answer. And if the issue thus made be found for the defendants or admitted by demurrer, a mandamus ought to be refused. In this case the denial of such fact in the answer is as broad, full and explicit as the averment in the petition of its existence.

The record shows that the demurrer was sustained to the whole answer, and the defendants denied the leave asked to amend, and a peremptory writ awarded, thus showing that in the opinion of the court no defense was shown by the answer. We are of the opinion that this was error. If the demurrer was sustained to the answer because some issues therein tendered were deemed immaterial, we think the court should have permitted the respondent to amend the answer in that regard, and not have overruled the entire defense presented.

In the case of McHenry County v. The People, 12 Bradwell, 204, decided at the present term, we have fully stated our views as to the effect of the act of the relators in proceeding to, and in building the bridge under the provisions of Sec. 111 of the statute, if they did so build it, and we see no reason to add anything to what was there said upon such questions.

The judgment of the court below in awarding the peremptory writ of mandamus will, for the error indicated, be reversed, and the cause remanded for further proceedings.

Judgment reversed.